NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 3 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHELLE PRZYBOCKI; KETAN VAKIL; GOURMEND FOODS, LLC,

      Plaintiffs - Appellants,

  v.

UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE L. ROLLINS; UNITED STATES DEPARTMENT OF AGRICULTURE FOOD SAFETY AND INSPECTION SERVICE; TREY FORSYTH; UNITED STATES FOOD AND DRUG ADMINISTRATION; KYLE DIAMANTAS, Acting Commissioner, U.S. Food and Drug Administration,

      Defendants - Appellees.

No. 24-7174

D.C. No.
2:23-cv-00455-ART-DJA

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Argued and Submitted November 14, 2025
San Francisco, California

Before: FRIEDLAND and SUNG, Circuit Judges, and PITTS, District Judge. **

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The Honorable P. Casey Pitts, United States District Judge for the Northern District of California, sitting by designation.

Plaintiffs Ketan Vakil and Gourmend Foods, LLC, appeal the dismissal of their claims against the United States Department of Agriculture and certain USDA officials alleging violations of their First Amendment right to speak.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal of Vakil and Gourmend's claims against the USDA for failure to exhaust administrative remedies. *See VHT, Inc. v. Zillow Grp., Inc.*, 69 F.4th 983, 987 (9th Cir. 2023). We affirm.

Federal law provides that "[n]otwithstanding any other provision of law, a person shall exhaust all administrative appeal procedures established by the Secretary [of the USDA] or required by law before the person may bring an action in a court of competent jurisdiction against … (1) the Secretary; (2) the Department; or (3) an agency, office, officer, or employee of the Department." 7 U.S.C. § 6912(e). The USDA's regulations establish such "administrative appeal procedures." *See* 7 C.F.R. pt. 11; 7 C.F.R. §§ 1.130–.151. Vakil and Gourmend do not dispute that they failed to exhaust those procedures. Instead, they argue that they were excused from having to do so.

Our precedents provide that a plaintiff may be excused from exhausting administrative remedies when their "suit alleges a constitutional claim which is

---

[1] As required by Federal Rule of Appellate Procedure 43(c)(2), Brooke L. Rollins, Trey Forsyth, and Kyle Diamantas are automatically substituted for Thomas J. Vilsack, Sandra Eskin, and Robert Califf, respectively.

(1) collateral to a substantive claim of entitlement, (2) colorable, and (3) one whose resolution would not serve the purposes of exhaustion." *McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973, 980 (9th Cir. 2002) (citation modified). This third element includes consideration of whether "the agency lacked either the power or the jurisdiction to decide" the issue—i.e., whether exhaustion would have been futile. *Reid v. Engen*, 765 F.2d 1457, 1461 (9th Cir. 1985); *see also Marathon Oil Co. v. United States*, 807 F.2d 759, 768 (9th Cir. 1986). The district court correctly held that Vakil and Gourmend's claims against the USDA do not satisfy the first or third conditions.

First, Vakil and Gourmend's claim is not collateral to their substantive claim of entitlement. A claim is not collateral if it "is entirely depend[e]nt on the [] underlying claims for benefits and the proceedings before the State Defendants in making the initial [] determination." *Kildare v. Saenz*, 325 F.3d 1078, 1083 (9th Cir. 2003). Here, Vakil and Gourmend's constitutional claim includes an underlying claim of entitlement to label Gourmend's beef broth with low-FODMAP-related information. Vakil and Gourmend's constitutional claim therefore depends on whether federal law in fact outlaws Gourmend's beef broth labels and is not collateral to their underlying substantive claim of entitlement.

Second, exhaustion also would not be futile, "meaning that [something] could be gained from permitting further administrative proceedings." *Anderson v.*

*Babbitt*, 230 F.3d 1158, 1164 (9th Cir. 2000).

Exhaustion of an administrative process may be deemed futile if "the agency lacked either the power or the jurisdiction to decide" the relevant issue. *Engen*, 765 F.2d at 1461; *see also Veneman*, 290 F.3d at 980–82 (excusing exhaustion because the USDA had "no agency process by which these [constitutional] claims may be resolved"). Vakil and Gourmend have not demonstrated that their constitutional challenge could not have been raised in the administrative proceedings. The relevant USDA regulations provide that "[i]f FSIS rescinds or refuses approval of false or misleading marks, labels, or sizes or forms of any container for use with any meat, poultry, or egg product, an opportunity for a hearing will be provided in accordance with the Uniform Rules of Practice, 7 CFR subtitle A, part 1, subpart H." 9 C.F.R. § 500.8(c). And the regulations separately provide that otherwise-applicable limitations on the scope of review on appeal do not apply to "persons whose claim(s) arise under … [p]rograms subject to various proceedings provided for in 7 CFR part 1." *See* 7 C.F.R. § 11.1. As a result, Vakil and Gourmend would have been able to assert their constitutional claims in an internal administrative appeal. *See, e.g.*, *Fleming v. U.S. Dep't of Agric.*, 987 F.3d 1093, 1096 (D.C. Cir. 2021) (noting USDA judicial officer's consideration of constitutional challenge during internal administrative appeal).

Even if an administrative process cannot provide complete relief, exhausting

that process is not futile if doing so would develop issues for judicial review, allow the agency to apply its expertise, or provide a potential for relief falling within the agency's authority. *See Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1115 n.4 (9th Cir. 2003); *Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 919 (9th Cir. 2022). Here, Vakil and Gourmend's exhaustion of the administrative review process could aid eventual judicial review by giving the court a record of the agency's reasoning and the facts needed to determine whether "low FODMAP" is in fact a "nutrient content claim."[2] For this additional reason, exhaustion would not have been futile and was not excused under the circumstances presented here.

**AFFIRMED IN PART, REVERSED IN PART.** The parties shall bear their own costs on appeal.

---

[2] Vakil and Gourmend do not challenge the internal review process itself and thus cannot rely upon decisions in which exhaustion was found futile for that reason. *Cf. Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 180 (2023); *NLRB v. N. Mountain Foothills Apartments*, 157 F.4th 1089, 1097–98 (9th Cir. 2025).

24-7174